## APPEAL OF J. H. SANFORD.

Docket No. 460. Submitted May 9, 1925. Decided June 26, 1925.

Amounts expended by a farmer in the restoration of soil fertility preparatory to the actual production of crops, *held*, capital expenditures.

*Earl B. Breeding, Esq.*, and *Walter M. Burkhardt, Esq.*, for the taxpayer.

*J. Arthur Adams, Esq.*, for the Commissioner.

Before MARQUETTE, LANSDON, and GREEN.

This is an appeal from a determination of a deficiency in income taxes, in the sum of $28,865.27, for the years 1919 to 1922, inclusive. Two errors are alleged. First, the finding that the taxpayer had sustained no loss as the result of the sale of a house formerly occupied by him as a dwelling. As to this no proof was offered. Second, the finding that the taxpayer operated his farm for pleasure rather than for profit, with the consequent disallowance of deductions claimed for the amounts expended in said operation. The effect of the Commissioner's answer as to these deductions was to deny: (1) That the amounts were expended; (2) that the expenditures were properly items of expense rather than capital expenditures; and (3) that they were expended in the carrying on of a trade or business.

FINDINGS OF FACT.

J. H. Sanford, the taxpayer herein, owns and operates a dairy farm of 164 acres adjacent to the City of Pittsburgh. Prior to engaging in the farming operations, Sanford was an officer and stockholder in a number of coal companies in Pittsburgh and received therefrom large salaries for services rendered thereto. His farming operations were taken up and his duties as an officer of the corporation were relinquished gradually.

The farm is in reality the consolidation of four smaller farms purchased at different times. All of the land thus purchased was in a run-down and worn-out condition. The taxpayer, starting with the year 1919, expended annually large sums of money in preparing the soil for cultivation and in rebuilding it. He employed experts to

direct and supervise the work and followed generally the most improved agricultural methods. The surface was cleared of trees and brush. The ground was plowed and cultivated and seeded first to crops to be plowed under to enrich the soil. The evidence discloses that the value of the marketable crops produced during the years in question was extremely low. It does appear, however, that as the result of the scientific methods of farming employed by the taxpayer he ultimately succeeded in developing the farm to a very high state of productivity.

As soon as the farm produced sufficient feed, the taxpayer purchased high-grade dairy cattle and commenced his dairying operations. As occasion demanded he built dairy barns, milk houses, etc., these buildings being of the most modern type and of a very durable and permanent nature. At the present time there is on the farm a large herd of dairy cattle, the milk from which is so handled that it may be sold as certified milk. It requires scientific methods, elaborate equipment, and great care to produce milk entitled to be certified.

No proof was offered as to the total amount of the expenditures or the classification of the different expenditures. The taxpayer keeps a complete set of books, but they were not produced at the hearing. It appears that the items sought to be deducted were largely expended for labor, which labor was employed in the work incident to the rebuilding of the soil, and that in many instances there was no effort made to produce a marketable crop during the first three years of cultivation. Such expenditures were not made to produce a crop but were made in the preparation and upbuilding of the land for future crop production.

The taxpayer is not operating the farm for pleasure alone. He is employing the most approved scientific and business methods. He has devoted a large amount of time and study to what has now become his sole occupation. The development of his farm and dairy has been rapid and successful and within a short time the maximum production will be reached.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GREEN: The taxpayer has included in his deductions items which are capital expenditures, as, for example, amounts expended in removing trees and brush from land which was not seeded to a marketable crop in the same year in which it was cleared. Such expenditures are comparable to the expenditures incident to the planting

of an orchard which will not come into bearing for six years. These expenses are preparatory for the actual operations for profit and are not at all the same as the current annual operating expenses.

A part of the expenditures which the taxpayer seeks to deduct are deductible as business expenses. The remainder are capital expenditures. We can not determine or even approximate a correct segregation. Had the taxpayer produced his books of account and from them testified as to the expenditures, we might have been able to make a segregation and classification, but without this evidence before us we are constrained to approve the determination of the Commissioner.